# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**ELIOTT WILLIAMSON**

Plaintiff,

v.

COMPLAINT: 3:20-cv-1318-J-20MCR

**DEMAND FOR BENCH TRIAL**

**U.S. BANK NATIONAL ASSOCIATIONS,**
**ELAN FINANCIAL SERVICE,**
**CHASE BANK,**

Defendants.

_____/

## PLANTIFF'S COMPLAINT

Plaintiff pro se, **ELIOTT WILLIAMSON** alleges the following against Defendants based upon personal knowledge with respect to themselves and on information and belief derived from, among other things, investigation of counsel and review of public documents.

1

# 1. INTRODUCTION

1.          Credit is essential to a healthy economy. In enacting the Fair
Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., Congress
recognized this. See § 1681(a). But, Congress also recognized, "[t]here is a
need to insure that consumer reporting agencies exercise their grave
responsibilities with fairness, impartiality, and a respect for the consumer's
right to privacy." § 1681(a)(4). To protect consumers' privacy, Congress
limited the permissible uses of consumer credit reports. 15 U.S.C. §
1681b(a). One, sensibly enough, is "to use the information in connection
with a credit transaction involving the consumer on whom the information is
to be furnished and involving the extension of credit to . . . the consumer." §
1681b(a)(3). However, there are credit reporting errors.

2.          Credit reporting errors can occur in a variety of ways, but many of
them concern the methods the CRAs use to put together credit reports.[1]
CRAs sometimes mix together records from two different people who share
similar identification information, creating a "mixed file."[2] The CRAs use
loose matching requirements when creating a credit report for a lender to
make sure they do not omit data that might be important to that lender.
According to the FTC, "the CRAs do not rely exclusively on SSNs [Social

---

[1] The National Consumer Law Center identifies the four common categories of error as: "Mixed files," "Identity theft," "Furnisher errors," and "Re-aging of obsolete debts." See NAT'L CONSUMER LAW CTR., AUTOMATED INJUSTICE: HOW A MECHANIZED DISPUTE SYSTEM FRUSTRATES CONSUMERS SEEKING TO FIX ERRORS IN THEIR CREDIT REPORTS 7-12 (2009) [hereinafter AUTOMATED INJUSTICE], available at http://www.nclc.org/images/pdf/pr-reports/report-automated_injustice.pdf. For a description of common credit reporting errors, see also KEY DIMENSIONS, supra note 3, at 24-26.
[2] See KEY DIMENSIONS, supra note 3, at 24-25; AUTOMATED INJUSTICE, supra note 31, at 7.

Security numbers] in their matching procedures[,]" noting that CRAs will place the information in a consumer's report if their personal information is similar, even without an exact match on the Social Security number.[3] For example, the case *Reeves v. Equifax Information Services, LLC, and Medical Data Systems, Inc.* revealed that Equifax mixed the files of two men who shared seven out of nine digits of the Social Security number and had similar names.[4] Mixed files can have a devastating effect on a consumer's ability to get credit.

## 2. JURISDICTION AND VENUE

3.        The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681 et seq.

4.        Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and the Defendant transacts business here.

5.        Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 et seq., commonly known as the Fair Credit Reporting Act ("FCRA").

---

[3] FED. TRADE COMM'N, REPORT TO CONGRESS UNDER SECTIONS 318 AND 319 OF THE FAIR AND ACCURATE CREDIT TRANSACTIONS ACT OF 2003 40 (2004), available at
http://www.ftc.gov/sites/default/files/documents/reports/under-section-318-and-319-fair-and-accuratecredit-transaction-act-2003/041209factarpt.pdf.
[4] Reeves v. Equifax Information Servs., LLC, No. 09-43, 2010 U.S. Dist. LEXIS 50241, at *2 (S.D. Miss. May 20, 2010).

6.      Plaintiff is seeking damages and declaratory and injunctive relief.

## 3. PARTIES

7.      Plaintiff ELIOTT WILLIAMSON **(WILLIAMSON)** at all times relevant to this litigation is a citizen of the United States and a resident of the State of Florida. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

8.      Defendant U.S. Bank National Associations **(U.S. Bank)** is a furnisher of information pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. And conducts substantial and regular business activities in this judicial district. Defendant US BANK is a registered Corporation with headquarters at 425 Walnut St FL 14 Cincinnati, OH, 45202-3989 United States. Defendant US BANK is also registered to do business in the State of Florida, United States.

9.      Defendant Elan Financial Service **(EFS)** is a furnisher of information pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. And conducts substantial and regular business activities in this judicial district. Defendant Elan Financial Service is a registered Corporation with headquarters at 800 Nicollet Mall Minneapolis, MN 55402 United States. Defendant Elan Financial Service is also registered to do business in the State of Florida, United States.

4

10.        Defendant Chase Bank (**Chase**) is a furnisher of information pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. And conducts substantial and regular business activities in this judicial district. Defendant Chase Bank is a registered Corporation with headquarters at 270 Park Ave. New York, NY 10017 United States. Defendant Chase Bank is also registered to do business in the State of Florida, United States.


## 4. FACTUAL ALLEGATION AGAINST DEFENDANTS

11.        Plaintiff brings this action against the Defendants to obtain relief for himself for the Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

12.        The defendants are furnishers of information pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

13.        The defendants incorrectly furnished Plaintiff's credit report to the consumer reporting agency (CRA) where the defendants know or have reasonable cause to believe that the information is inaccurate.

14.        Defendants claimed Plaintiff applied for credit when in fact Plaintiff never applied for credit from the defendants.

15.       Defendants persistently put negative and inaccurate information in Plaintiff's credit report causing other creditors to cancel Plaintiff's accounts, new creditors would not give Plaintiff credit because of the negative report. For example, at the checkout counter of a store where Plaintiff wanted to take advantage of an offer Plaintiff was refused in front of other customers because of the negative information on his report.

16.       The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of accounts and/or trade lines that do not accurately reflect payments made by Plaintiff but rather an unidentified party. The information about the credit reports were incredibly misleading and falsely represented.

17.       Based upon information and belief, this error originated from the Defendants.

18.       The Defendants provided inaccurate information when they failed to correct an error that had already been successfully disputed by Plaintiff with the Consumer Financial Protection Bureau. (See exhibit A).

19.       Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations/reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate

information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

20.     As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

21.     And at all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

22.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

## COUNT I

23.     Plaintiff hereby re-alleges paragraphs 1 through 22 as if specifically set forth.

24.     Section 623(a) of the FCRA describes the duties of furnishers to provide accurate information to CRAs. Section 623(a)(1)(B) prohibits furnishers from providing information relating to a consumer to any CRA if (i) the person has been notified by the consumer, at the address specified by

7

the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate.

25.     The defendants are furnishers of information pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

26.     Plaintiff is a "consumer" as stipulated under 15 U.S.C. § 1681a(c).

27.         In numerous instances, Plaintiff has contacted Defendants at the address specified by Defendants to dispute information about them furnished by Defendants to a CRA and to notify Defendants that the information is inaccurate.

28.     In numerous instances, the Plaintiff has also provided information such as his driver's license, social security number, and/or proof of residence as proof that Defendants are attempting to report a debt from the wrong person. In other instances, Plaintiff has provided proof of payment to show that information about the debt on his credit report is inaccurate.

29.     Despite having proof from the Plaintiff to the contrary, in numerous instances, Defendants continued to furnish information to a CRA relating to a Plaintiff when (a) Defendants was notified by the Plaintiff at an address specified by Defendants that specific information was inaccurate and (b) the information, was in fact, inaccurate.

30.         The acts and practices alleged in Paragraphs above constitute violations of Section 623(a)(1)(B) of the FCRA, 15 U.S.C. § 1681s-2(a)(1)(B). Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1).

## COUNT I

31.     Plaintiff hereby re-alleges paragraphs 1 through 22 as if specifically set forth.

32.     Section 623(b)(1) of the FCRA requires furnishers of information to CRAs to conduct an investigation when the furnisher receives a notice of dispute from a CRA in accordance with the provisions of Section 611(a)(2) of the FCRA, 15 U.S.C. § 1681i(a)(2), and to report the results of the investigation to the CRA.

33.     The defendants are furnishers of information pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

34.     Plaintiff is a "consumer" as stipulated under 15 U.S.C. § 1681a(c).

35.     In numerous instances, Defendants did not conduct a meaningful investigation, or an investigation at all, when it receives a notice of dispute from a CRA. For example;

        a.     In disputes where the Plaintiff claims the account is not his or the account belongs to someone else, Defendants' policy and practice is to compare the name, social security number, date of birth, and address in Defendants' computer database with the information provided by Plaintiff. Where three of the four items match, Defendants will report that it has verified as accurate the information reported to the CRA. Only after Plaintiff has disputed the information more than four times, does the account

9

become assigned to a supervisor to do further "investigation." Because Defendants collect accounts that are often old, information in their computer files may not be accurate for a variety of reasons, including incorrect updating of addresses, errors in recording names and information, and problems with the original creditor's records. In addition, these types of disputes often include claims of identity theft or mistaken identity, and thus, while the information in Defendants' records may match the consumer's name, social security number, date of birth, or address, it is not the Plaintiff's account.

b.      In disputes involving identity theft or fraud allegations, Defendants' policies provide that if the existing account codes and notes in Defendants' file for the consumer do not contain any reference to a prior claim of fraud, Defendants will verify the previously reported information without conducting any investigation prior to such verification.

36.     The acts and practices alleged above constitute violations of Section 623(b) of the FCRA, 15 U.S.C. § 1681s-2(b). Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1).

## Count III
## **DECLARATORY RELIEF**

37.     Plaintiff hereby re-alleges paragraphs 1 through 22 as if specifically set forth.

10

38.   The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that in "a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

39.   As described above, this Court has jurisdiction over this matter, and therefore may declare the rights of Plaintiff.

40.   Plaintiff therefore seeks an order declaring Defendants' practice unlawful, and that Defendants are liable to Plaintiff for damages caused by that practice.

## REQUEST FOR RELIEF

Plaintiff, request judgments against Defendants as follows:

A. For all recoverable compensatory, statutory, and other damages sustained by Plaintiff, including disgorgement and all other relief allowed under applicable law

B. For costs;

C.  For both pre-judgment and post-judgment interest on an amount to be decided at trial;

D. For appropriate injunctive relief, including public injunctive relief,

E.  For treble damages insofar as they are allowed by applicable law

F. For appropriate individual relief as requested above;

G.   For payment of attorneys' fees and expert fees as may be allowable under applicable law;

H. For such other and further relief, including declaratory relief, as the Court may deem proper.

## DEMAND FOR BENCH TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## RESERVATION OF RIGHTS

Plaintiff reserves its right to further amend this Complaint, upon completion of its investigation and discovery, to assert any additional claims for relief against Defendants or other parties as may be warranted under the circumstances and as allowed by law.

**Dated; November 18      2020.**

Respectively Submitted by;

**ELIOTT WILLIAMSON**
12183 Captiva Bluff Cir W
Jacksonville Florida 32226
Pro Se

12

## **CERTIFICATE OF SERVICE**

I hereby certify that on this _17th___ day of November, 2020, a true and correct copy of the above and foregoing document has been sent by United States Postal Service, Certified Mail / Return Receipt Requested and/or Electronic Mail to the following:

UNITED STATES DISTRICT COURT
300 N Hogan St, Jacksonville, FL 32202

*Eliott William*

13